## Spring & Co. *vs* Montague & Co.

ERROR TO THE GREEN CIRCUIT. ·

*Abatement. Practice in suits at law.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

DEBT.

*Case* 12,

*December* 20.

Case stated and pleadings.

THIS petition and summons was brought againt G. W. Montague, R. S. Montague and R. L. Hodgen, stated to have been partners, under the firm of G. W. Montague & Co., alias R. S. Montague & Co., on a note signed R. S. Montague & Co. The defendant, R. S. Montague, pleaded in abatement that the firm of R. S. Montague & Co. was composed of himself and Warner R. Montague alone ; that Warner R. Montague was co-obligor in the note was alive, and within the State, and not sued, &c. The other two defendants pleaded separately *non est factum*, on which issues were joined. A demurrer to the plea in abatement was sustained, and a judgment rendered against R. S. Montague. On the trial of the issues with the other defendants, a verdict was found for them, under the peremptory direction of the Court, and judgment rendered accordingly. After which, the Court, on motion of R. S. Montague, arrested the judgment against him, on the ground of error in deciding against his plea in abatement, and on re-consideration, adjudged said plea good, and for want of answer, abated the suit thereon. The Court afterwards overruled the motion of the plaintiff for a new trial of the issues with the other defendants. And the plaintiffs complain

COMMONWEALTH
*vs*
YORK, &c.

A court has power over its own records, and may correct its own errors during the term. The Court sustained a demurrer to a plea in abatement, plead by one defendant, tried the case upon issues of fact as to two other defendants which was found for them—then arrested the judgment for its own error in sustaining the demurrer to the plea in abatement—then overruled plaintiff's motion for a new trial as to the defendants, who had made issues of fact. Held that this was error—that the Court should have abated the suit upon sustaining the plea in abatement which was for the non-joinder of a co-obligor.

in this Court, that all of the decisions and opinions against them were erroneous.

We are of opinion that the plea in abatement is sufficient. And as the Court had a right at the same term to correct its own errors, the final abatement of the suit upon that plea, being at the same term, was proper. But, as in our opinion the matter of that plea, (viz: the nonjoinder of a co-obligor,) was proper ground for abating the entire suit, and as the determination upon it was properly the first thing to be done, and should have precluded all further proceedings in the case. We think the effect of the determination finally made, should have been the same; and that the Court should have set aside the verdict upon the issues of fact, and the judgment thereon, and should have abated the entire suit.

In this view of the case, it is deemed unnecessary to notice the alleged errors in the trial of the issues of fact. The plaintiff is entitled to have the proceeding upon those issues annulled, as having been improperly had when there was a valid plea unanswered, which should have abated the entire action.

Wherefore, the judgment in favor of G. W. Montague and R. L. Hodgen, and for the partial abatement of the action are reversed, and the cause remanded, with directions to set aside the verdict rendered on the issues joined, and to render a judgment upon the plea in abatement, abating the whole action.

*B. & A. Monroe* for plaintiffs; *Harlan and Riley* for defendants.